JEFFREY D. GOLDMAN (Bar No. 155589),
JGoldman@jmbm.com
ANDREW I. SHADOFF (Bar No. 272319),
AShadoff@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Defendant Universal
International Music B.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER BECKETT, JOHN C CROWLEY, and RONN MOSS,<br><br>              Plaintiffs,<br><br>        v.<br><br>UNIVERSAL INTERNATIONAL MUSIC B.V., a Dutch corporation,<br><br>              Defendant. | CASE NO.   2:15-cv-02153-SJO-JC<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**<br><br>Complaint filed:      March 23, 2015<br>Trial date:             November 15, 2016 |

Plaintiffs Peter Beckett, John Crowley, Ronn Moss, and John Friesen, and Defendant Universal International Music B.V. (collectively, the "Parties"), hereby stipulate and agree and request that the Court enter the following Protective Order:

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among

- 1 -

other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
CASE NO. 2:15-CV-02153-SJO-JC

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel other than during a court hearing or at trial that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; or (c) any testimony or presentations during court hearings or at trial.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     **Manner and Timing of Designations.**  Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Nothing in this section shall apply to any pretrial or trial proceedings in open court.

(b)  for testimony given in deposition (but not in connection with any other pretrial or trial proceedings in open court), that the Designating Party identify all protected deposition testimony either on the record or within writing thirty (30) days after that day on which the deposition in which the subject Disclosure or Discovery Material was disclosed took place.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2     **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     **Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the District Court's Scheduling Order and any subsequent Orders of the Court, unless a prompt challenge to

- 4 -

a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation.

6.2 **Judicial Intervention.** A Party that seeks to challenge a confidentiality designation must do so in strict compliance with the procedures set forth in Local Rule 37-1 and Local Rule 37-2, including the meet-and-confer and Joint Stipulation requirements.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 below (FINAL DISPOSITION).

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

- 5 -

LA 12778212v3

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

- 6 -

1          (c)  cooperate with respect to all reasonable procedures sought to be

2  pursued by the Designating Party whose Protected Material may be affected.

3          If the Designating Party timely seeks a protective order in the other litigation, the

4  Party served with the subpoena or court order shall not produce any information

5  designated in this action as "CONFIDENTIAL" before a determination by the court

6  from which the subpoena or order issued, unless the Party has obtained the Designating

7  Party's permission. The Designating Party shall bear the burden and expense of seeking

8  protection in that court of its confidential material – and nothing in these provisions

9  should be construed as authorizing or encouraging a Receiving Party in this action to

10 disobey a lawful directive from another court.

11

12 **9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

13 **PRODUCED IN THIS LITIGATION**

14         The terms of this Protective Order are applicable to information produced by a

15 Non-Party in this action and designated as "CONFIDENTIAL." Such information

16 produced by Non-Parties in connection with this litigation is protected by the remedies

17 and relief provided by this Order. Nothing in these provisions should be construed as

18 prohibiting a Non-Party from seeking additional protections.

19

20 **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22 Protected Material to any person or in any circumstance not authorized under this

23 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

24 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

25 all unauthorized copies of the Protected Material, (c) inform the person or persons to

26 whom unauthorized disclosures were made of all the terms of this Order, and (d)

27 request such person or persons to execute the "Acknowledgment and Agreement to Be

28 Bound" that is attached hereto as Exhibit A.

## 11. MISCELLANEOUS

11.1 **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 **Filing Protected Material.** This Order does not authorize the filing of any documents under seal. Filing under seal shall be governed by the Local Rules of this District, including Local Rule 79-5, and the Judge's Standing Orders and Procedures.

## 12. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies

- 8 -

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  April 29, 2016          MICHAEL MACHAT
                                MACHAT & ASSOCIATES, P.C.

                                By: */s/ Andrew I. Shadoff with permission from Michael Machat*
                                        MICHAEL MACHAT
                                Attorneys for Plaintiffs Peter Beckett, John Crowley, Ronn Moss, and John Friesen
DATED:  April 29, 2016          JEFFREY D. GOLDMAN
                                ANDREW I. SHADOFF
                                JEFFER MANGELS BUTLER & MITCHELL LLP

                                BY: */s/ Andrew I. Shadoff*
                                        ANDREW I. SHADOFF
                                Attorneys for Defendant Universal International Music B.V.


PURSUANT TO STIPULATION, IT IS SO ORDERED.




                                                /s/

DATED:  May 2, 2016
                                HONORABLE JACQUELINE CHOOLJIAN
                                UNITED STATES MAGISTRATE JUDGE

- 9 -

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of

_____ [full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of California

in the case of *Beckett et al. v. Universal International Music B.V.*, Case No. 2:15-cv-

02153-SJO-JC.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.  I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for the purpose of enforcing

the terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.

I hereby appoint _____ [full name] of

_____ [full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

- 10 -

LA 12778212v3